UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERTO L. LLERENAS, JR.,<br><br>                    Defendant. | CASE NO. 4:14-CR-6053-EFS<br><br>**ORDER RULING ON PRETRIAL MOTIONS** |

A hearing occurred in the above-captioned matter on April 1, 2015, regarding pending pretrial motions.  Alison Gregoire appeared on the U.S. Attorney's Office's (USAO) behalf.  Defendant Roberto L. Llerenas, Jr. was present, represented by Alison Guernsey; Jim Egan appeared on C.W.'s (Juvenile Witness No. 1) behalf.  Before the Court were several pretrial motions.  After reviewing the filings and hearing from counsel, the Court was fully informed.  This Order supplements and memorializes the Court's oral rulings.

First, the Court grants, consistent with its prior Case Management Order, ECF No. 45, Defendants' Motion for Discovery, ECF No. 35; Motion to Disclose Evidence under Rules 404(b) and 609, ECF No. 36; and Motion to Compel Grand-Jury Transcripts, ECF No. 37.  The USAO advised it has disclosed all discovery in its possession, custody, and control except for a "302 Report," which summarized a

ORDER - 1

1  March 20, 2015 interview of a Washington State Child Protective

2  Services (CPS) case worker, and the CPS report(s) referenced by the

3  case worker during her interview.  The USAO is to promptly provide

4  such disclosures to Defendant.

5      Second, the Court grants in part and denies in part Defendant's

6  Motion for an Early Return Subpoena under Federal Rule of Criminal

7  Procedure 17, ECF No. 27; grants in part and denies in part

8  Defendant's Motion to Grant Previously Filed Subpoena Request, ECF No.

9  54; and denies in part and grants in part C.W.'s Motion to Quash the

10 Request for a Subpoena, ECF No. 56.[1]  At the heart of these three

11 motions is whether the Court should grant Defendant's request for an

12 early return subpoena to be served on Washington State Department of

13 Social and Health Services (DSHS) requiring it to disclose, pursuant

14 to Federal Rule of Criminal Procedure 17, all of its records related

15 to C.W., M.W., and Defendant, while excluding information pertaining

16 to other juveniles.[2]

17     Federal Rule of Criminal Procedure 17(c) permits a district

18 court to order a witness "to produce any books, papers, documents,

19 data, or other objects" either pretrial or at trial if the proponent

20 shows that the evidence sought is relevant, admissible, and specific.

21 *United States v. Nixon*, 418 U.S. 683, 700 (1974).  A party requesting

22

23   [1]  The Court accepts C.W.'s motion, which was filed on March 23, 2015—10
24       days after the March 13, 2015-filing deadline.
     [2]  Juvenile Witness No. 2 filed a notice advising that she does not object
25       to the subpoena request.  ECF No. 58.

26

ORDER - 2

1 a Rule 17(c) subpoena must also show that the materials are not

2 available from any other source and that examination and processing of

3 the materials should not await trial. *United States v. Eden*, 659 F.2d

4 1376, 1381 (9th Cir. 1981).

5      The Court finds Defendant has satisfied these requirements.

6 First, the Court finds the requested documents relevant because this

7 case largely hinges on the veracity of the juvenile witnesses and

8 Defendant. Therefore, any DSHS records and documents that support or

9 contradict these individuals' version of the events or their

10 credibility are relevant.

11      Second, the Court finds the documents are likely admissible

12 under Federal Rule of Evidence 803 as business records or medical

13 records. In addition, statements contained in the documents could

14 potentially be used for impeachment purposes.

15      Third, as to specificity, the Court finds that as ordered below

16 the subpoena requires production of only those documents that are

17 critical to assist the defense in preparing its case.

18      Fourth, DSHS is the best source for this information. Although

19 copies of some of the material may have been given to C.W.'s or M.W.'s

20 parent(s), the complete records are kept by DSHS.

21      Lastly, given the significance and amount of the information

22 that will be disclosed, the Court finds pretrial disclosure is

23 necessary to permit the Defendant to adequately prepare his defense.

24      Accordingly, as directed below, Defendant is to prepare a

25 subpoena for service on DSHS, and provide that subpoena to the Clerk's

26 Office for issuance of the subpoena; Defendant is to then affect

ORDER - 3

1 service of that subpoena on DSHS.  DSHS is to produce the specified

2 documents *in camera* to the Richland Clerk's Office by May 1, 2015.

3 The Court will then review the *in camera* submission prior to the

4 documents being produced to Defendant.  Consistent with C.W.'s request

5 for a protective order, any documents provided to Defendant after the

6 Court's *in camera* review may only be reviewed by the attorneys and the

7 Court in this action, may not be used in any proceeding other than the

8 current action, and may not be re-disclosed without Court permission.

9 Accordingly, the Court grants C.W.'s request for a protective order;

10 however, C.W.'s motion to quash the subpoena is denied.

11     The attorneys for the juvenile witnesses are to discuss this

12 Order with their clients.  Thereafter, if counsel believes that his

13 representation is no longer necessary, he may file a motion to

14 withdraw as counsel.

15     In conclusion, **IT IS HEREBY ORDERED**:

16     1.    Defendant's Motion for Discovery, **ECF No. 35**, is **GRANTED**

17     **consistent with the Court's Case Management Order.**

18     2.    Defendant's Motion to Disclose Evidence under Rules 404(b)

19     and 609, **ECF No. 36**, is **GRANTED consistent with the Court's**

20     **Case Management Order**.

21     3.    Defendant's Motion to Compel Grand-Jury Transcripts, **ECF**

22     **No. 37**, is **GRANTED consistent with the Court's Case**

23     **Management Order**.

24     4.    Defendant's Motion for Government-Surveillance Discovery,

25     **ECF No. 40**, is **GRANTED consistent with the Court's Case**

26     **Management Order**.

ORDER - 4

5. Defendant's Motion for an Early Return Subpoena under Fed. R. Crim. P. 17, **ECF No. 27**, is **GRANTED IN PART** (early return subpoena is to be served) **AND DENIED IN PART** (limitation imposed)**.**

6. Defendant's Motion to Grant Previously Filed Subpoena Request, **ECF No. 54**, is **GRANTED IN PART** (early return subpoena is to be served) **AND DENIED IN PART** (limitation imposed).

7. C.W.'s Motion to Quash the Request for a Subpoena, **ECF No. 56**, is **GRANTED IN PART** (protective order) **AND DENIED IN PART** (remainder).

8. Defendant is to prepare a subpoena directed to Washington State Department of Social and Health Services (DSHS), Public Disclosure & Discovery Unit Region 1, 1313 N. Atlantic Ste. 2000, Spokane, WA 99201, that requests DSHS to produce to the Court (Clerk's Office, 825 Jadwin Ave. Rm. 174, Richland WA 99352) for an *in camera* review, no later than May 1, 2015, any and all of the following documentation in its possession, custody, or control: 1) pertaining to events from 2010 to the present relating to Defendant, C.W., and/or M.W., with information pertaining solely to other non-paramour juveniles, redacted; and 2) referencing conduct, statements, care, and/or concern by or regarding Defendant.  Defendant is to provide the prepared subpoena to the Clerk's Office for issuance; the Clerk's

ORDER – 5

1   Office will then provide the issued subpoena to Defendant

2   for service on DSHS.

3   9.   Any documents provided to Defendant after the Court's *in*

4   *camera* review may only be reviewed by the attorneys and

5   Court personnel in this action, may not be used in any

6   proceeding other than the current action, and may not be

7   re-disclosed without Court permission.

8   10.   Because DSHS will produce to Defendant the documentation

9   specified above, the USAO need not produce to Defendant the

10   DSHS records that it submitted to the Court for an in

11   camera review.

12   **IT IS SO ORDERED.**   The Clerk's Office is directed to enter this

13   Order and provide copies to all counsel and counsel for the juvenile

14   witnesses.

15   **DATED** this 6th   day of April 2015.

16

   s/Edward F. Shea
   _____
17   EDWARD F. SHEA
   Senior United States District Judge

18

19

20

21

22

23

24

25

26

Q:\EFS\Criminal\2014\6053.sdt.discovery.lc1.docx

ORDER - 6