UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERTO L. LLERENAS, Jr.,<br><br>                    Defendant. | No.  4:14-CR-6053-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |

A hearing was held on August 31, 2016, in the above-captioned matter. ECF No. 449. Defendant Roberto Llerenas was present, represented by William McCool. Assistant United States Attorneys Alison Gregoire and James Goeke appeared on behalf of the Government. Before the Court was Defendant's Motion for a New Trial. ECF No. 426. The Court is fully informed after considering the submitted material and oral argument, the verdict, evidence at trial, and relevant authority. This Order memorializes and supplements the Court's oral denial of Defendant's motion.

**A.    Background**

The Defendant was charged with two counts of sex trafficking by force, fraud, or coercion and two counts of benefitting financially from participation in a venture involving sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. § 1591. ECF No. 266.

ORDER **-** 1

Prior to trial, the Defendant moved to introduce evidence governed by Rule 412, including evidence that the victims in this case had previously been sexually abused by JM. ECF No. 143. The Government and victim CW moved for the exclusion of that evidence. ECF Nos. 111 & 161. On August 18, 2015, a hearing was held to determine the admissibility of the evidence of prior sexual abuse. ECF No. 234.

On September 23, 2015, the Court denied Defendant's motion to introduce the 412 evidence and granted the Government's motion to exclude the evidence. ECF No. 312. The Court found that Rule 412 applied to the evidence of prior sexual abuse and determined that the evidence was not necessary to attack the credibility of the victims. ECF No. 312. The Court noted that the existence of a letter from prior abuser JM and any role that the letter played in creating a motive for the victims to lie could be established without introducing evidence of the prior abuse. ECF No. 312

A jury trial began on June 20, 2016. ECF No. 402. During his opening statement, Defendant attempted to introduce evidence of victim MW's prior sexual relations with government witness Mr. Torres. Defendant had not provided 412 notice of the intent to introduce this evidence. The Court found that Rule 412 applied to the evidence of prior sexual relations and excluded that evidence.

On June 30, 2016, the jury returned a verdict finding Defendant guilty on all counts. ECF NO. 421. On July 14, 2016, Defendant timely filed the instant motion for new trial. ECF Nos. 426 & 427. On August 31, 2016, the Court heard argument on Defendant's motion for new trial

ORDER - 2

and orally denied the motion for the reasons outlined below. ECF No. 449.

**B.    Motion for a New Trial**

Defendant filed a motion seeking a new trial based on his contention that the Court's exclusion of the evidence of prior sexual abuse of the victims by JM and of the evidence that victim MW had engaged in sexual relations with Mr. Torres was erroneous and denied Mr. Llerenas his Sixth Amendment confrontation right. ECF Nos. 426 & 427

Under Rule 33, a court may grant a motion for new trial if "the interest of justice so requires." Fed. R. Crim. P. 33. Such a motion "should be granted 'only in exceptional cases in which the evidence preponderates heavily against the verdict.'" *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). The decision to grant a new trial is within the sound discretion of the district court. *United States v. Steel*, 759 F.2d 706 (9th Cir. 1985).

**C.    Rule 412 Evidence**

Rule 412 seeks to restrict the introduction of unduly prejudicial evidence in cases involving sexual misconduct. The Rule states:

> (a) Prohibited Uses. The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct:
>     (1) evidence offered to prove that a victim engaged in other sexual behavior; or
>     (2) evidence offered to prove a victim's sexual predisposition.
> (b) Exceptions.
>     (1) Criminal Cases. The court may admit the following evidence in a criminal case:

ORDER - 3

> (A) evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant as the source of semen, injury, or other physical evidence;
> (B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecution; and
> (C) evidence whose exclusion would violate the defendant's constitutional rights.

Fed. R. Evid. 412. Any 412 evidence must also be relevant, material, favorable, and not unduly prejudicial. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 869 (1982) (material and favorable); *United States v. Rivera-Relle*, 333 F.3d 914, 919 (9th Cir. 2003) (favorable refers to the defense theory of the case); Fed. R. Evid. 401 (relevant) & 403 (weigh danger of unfair prejudice).

The exceptions under Rule 412(b) exist to accommodate a defendant's constitutional rights. The Fifth and Sixth Amendments require that a defendant be permitted to introduce all relevant and admissible evidence in order to provide the defendant with a meaningful opportunity to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984); *Lajoie v. Thompson*, 217 F.3d 663, 668 (9th Cir. 2000); *see also* U.S. Const. ams. V & VI.

Rule 412 also has procedural requirements. The party seeking to introduce evidence governed by Rule 412 must provide the Court, opposing counsel, and the victims about whom Rule 412 evidence may be presented at trial, with notice of the intent to introduce such evidence at least 14 days prior to trial. Fed. R. Evid. 412(c)(1)(A).

ORDER - 4

**D.   Evidence of Prior Sexual Abuse**

Defendant argues that the Court erred in excluding evidence of the prior sexual abuse of CW and MW by JM.

First, Defendant contends that Rule 412 does not apply to evidence of prior sexual abuse because such abuse does not constitute "other sexual behavior" or involve sexual predisposition. ECF No. 427, at 4. The Defendant notes that "a significant minority of jurisdictions hold that evidence of prior sexual abuse or rape does not implicate rape shield laws." ECF No. 427, at 4. Defendant concedes, however, that the majority of jurisdictions recognize that prior sexual abuse is subject to Rule 412. ECF No. 417, at 4. The Ninth Circuit has indicated that Rule 412 applies to evidence of childhood sexual abuse. *S.M. v. J.K.*, 262 F.3d 914, 920 (9th Cir. 2001), *as amended*, 315 F.3d 1058 (9th Cir. 2003) ("Had Defendant attempted to introduce evidence that Plaintiff had previously been assaulted, it would have been subject to Rule 412."). The Ninth Circuit has recognized that "excluding prior instances of sexual assault, in addition to prior accusations, serves Rule 412's 'principal purpose [:] . . . to protect rape victims from the degrading and embarrassing disclosure of intimate details about their private lives.'" Id. at 919 (alterations in orginal) (quoting 124 Cong. Rec. H11944 (daily ed. Oct. 10, 1978) (statement of Rep. Mann)). Accordingly, Rule 412 was properly applied to the evidence of prior sexual abuse in this case.

Defendant next argues that he was deprived of his Sixth Amendment confrontation right because he was unable to develop

ORDER **-** 5

evidence of a motive for the victims to lie due to the exclusion of the evidence of prior sexual abuse. ECF No. 427, at 7. Defendant argues that the fact that CW was willing to receive a letter from JM would provide evidence that she would "do whatever it took to maintain that relationship" with her mother and JM, including lying about Defendant. ECF No. 427, at 7. The Court notes that the letter from JM was sent to CW's mother who gave it to CW. At trial, Defendant was able to elicit testimony that CW received a letter from someone who was not supposed to communicate with her, that the letter further demonstrated that CW's mother was an unfit parent, and that the victims ran away shortly after Defendant gave the letter to Child Protective Services (CPS).

Based on the statements that Defendant elicited at trial, any motive to lie that Defendant could have introduced based on JM's letter was already established by the evidence admitted by Defendant. Moreover, Defendant's argument that the letter gave the victims a motive to lie is extremely weak, as there is no evidence that CW knew that the letter was provided to CPS, and CW testified that she knew that she would not be placed back with her mother, regardless of her receipt of the letter. The claim that the victims had a reason to lie would not have been substantially strengthened had the jury been informed of the prior sexual abuse, and the introduction of that evidence could have been both embarrassing and unduly prejudicial to the victims.

In his reply brief, Defendant argues for the first time that the jury would have had a different impression of the credibility of the

victims if "they realized the 'forgiving' attitude of [CW] toward J.M." There is no evidence in the record that CW was "forgiving" of JM, as CW testified that she did not care about the letter. Moreover, whether CW had forgiven a prior abuser is irrelevant to the issues presented in this case, including questions of credibility.

Accordingly, Mr. Llerenas was not denied his Sixth Amendment confrontation right or otherwise prejudiced by the exclusion of evidence regarding the prior sexual abuse of the victims.

**E.   Evidence of Sexual Activity Between MW and Mr. Torres**

Defendant also argues that the Court erred in excluding evidence of sexual activity between victim MW and government witness Mr. Torres.

Defendant argues that introduction of the evidence of sexual activity between Mr. Torres and victim MW was necessary for Defendant to develop a motive to lie on the part of Mr. Torres. ECF NO. 427, at 10-11. Specifically, Defendant asserts that such evidence would have supported the defense argument that Mr. Torres was motivated to cooperate with the government and lie on the stand due to the fear of third degree rape charges arising from his contact with MW. ECF No. 427, at 10. Because Defendant was unable to introduce this evidence, he asserts that he was denied his Sixth Amendment confrontation right. ECF NO. 427, at 10.

It is important to note that the Defendant did not provide 412 notice of the intent to introduce evidence of sexual activity between MW and Mr. Torres. Instead, the Defendant mentioned such contact for the first time during his opening statement. Alone, failure to provide

the required notice can be sufficient to justify preclusion of 412 evidence. *See LaJoie*, 217 F.3d at 669 ("[W]hether preclusion is a constitutional sanction must be evaluated on a case-by-case basis."). In this case, however, evidence of sexual activity between MW and Mr. Torres would have been excluded regardless of the notice issue. The evidence was potentially embarrassing and prejudicial to MW, the probative value of the evidence was weak, and the evidence was not necessary to establish any portion of Defendant's case. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1104 (9th Cir. 2002), *as amended* (Feb. 20, 2002) ("[E]vidence offered to prove a victim's sexual behavior or sexual predisposition is admissible . . . only if 'its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party.'" (quoting Fed. R. Evid. 412(b)(2))).

In addition, while Defendant argues that Mr. Torres's sexual activity with MW provided Mr. Torres with a motive to cooperate with the Government in order to avoid third degree rape charges, the Government's plea agreement with Mr. Torres did not include any provision precluding prosecution based on Mr. Torres's contact with MW. Plea Agreement, *United States v. Torres-Castellanos*, No. 4:15-CR-6018 (E.D. Wash. June 24, 2015) (ECF No. 16). Accordingly, evidence of the sexual activity is not substantially probative of a motive to lie.

In addition, evidence was introduced at trial that Mr. Torres had assisted Defendant in the trafficking scheme and that, based on his cooperation and testimony at trial, the Government had agreed not to prosecute Mr. Torres for other crimes arising out of his

involvement in the trafficking of the victims in this case. This evidence was sufficient to demonstrate a motive to lie on the part of Mr. Torres and introduce doubt as to Mr. Torres's credibility.

Therefore, Defendant was not denied his Sixth Amendment confrontation right or otherwise prejudiced by the exclusion of evidence regarding sexual activity between MW and Mr. Torres.

**F.  Conclusion**

For the reasons given above, the Court finds that evidence of prior sexual abuse of the victims and evidence of sexual activity between MW and Mr. Torres were properly excluded under Rule 412. Mr. Llerenas was not denied his Sixth Amendment confrontation right or otherwise prejudiced by the exclusion of that evidence. The jury verdict was supported by the weight of the evidence in this case, and enforcement of the verdict will not result in a miscarriage of justice.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for New Trial, **ECF No. 426**, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   12th   day of September 2016.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                     Senior United States District Judge

Q:\EFS\Criminal\2014\6053.Llerenas.ord.mot.nt.lc02.docx

ORDER **-** 9