AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES OF AMERICA

v.

Roberto L. Llerenas, Jr.

Case No. 4:14-cr-6053-EFS-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, and recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of such motions filed by defendants, IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

    ☒ FACTORS CONSIDERED (Optional—See bottom of next page.)

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: July 12, 2023

*[signature: Edward F. Shea]*

UNITED STATES DISTRICT JUDGE

FACTORS CONSIDERED (Optional—Continued):

Defendant has served less than a third of his 360-month sentence. Recognizing that U.S.S.G. § 1B1.13 is not binding on judicial review of § 3582(c)(1)(A) motions filed by defendants, the Court finds Defendant has not shown that extraordinary and compelling reasons warrant compassionate release. The Court also finds the § 3553(a) factors do not support releasing Defendant at this time.

**Covid-19**. The Court does not discount the dangers associated with Covid-19 nor the difficulties prisons face in preventing and containing outbreaks. Even so, absent a requesting inmate showing that he is unable to safely receive the vaccine, the risk of Covid-19 in the prison setting cannot by itself serve as a basis for compassionate release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

**Defendant's Age & Health**. Defendant is 43 years old, is obese, and has asthma, hypertension, hearing loss, and sleep apnea. X-rays also show "*[m]inimal* L3-4 disc space narrowing." These conditions are well controlled, and--contrary to Defendant's unsupported claims--the evidence of record reflects that the BOP has provided him with adequate medical care. Thus, although some of Defendant's health conditions place him at a somewhat increased risk for severe Covid-19 outcomes if infected, his conditions (and the possibility of contracting Covid-19) fail to rise to the level of extraordinary and compelling reasons that would justify his release.

**Defendant's Other Arguments**. Defendant fails to show any other extraordinary or compelling reasons that warrant a sentence reduction. This Court (and the Ninth Circuit) have already rejected Defendant's Sixth-Amendment argument. *See* ECF No. 344; *United States v. Llerenas*, 743 F. App'x 86, 89 (9th Cir.), *cert. denied*, 139 S. Ct. 576 (2018). The ineligibility of certain inmates (based on the underlying crime of conviction) to earn good-time credits does not constitute an extraordinary or compelling reason to warrant relief. *See* 18 U.S.C. § 3632(d)(4). The Court finds Defendant's performance while in prison--which includes citations for fighting and theft--do not warrant relief. *See* 28 U.S.C. § 994(t). Finally, while the deaths of Defendant's father, mother, and two uncles (ocurring from 2017 to 2020) are tragic, they do not amount to extraordinary or compelling reasons justifying Defendant's release.

**Section 3553(a) Factors**. Considering the nature and circumstances of Defendant's offense, his history and characteristics, and the rest of the applicable § 3553(a) factors, the Court finds the requested reduction would undermine the objectives and purposes of Defendant's sentence, particularly its need to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from Defendant.